UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

VERNELL D. WILLIAMS,

       Movant,

                                               Case No. 1:17-CV-367

v.                                             (Criminal Case No. 1:07:CR:249)

UNITED STATES OF AMERICA,           HON. GORDON J. QUIST

       Respondent.

_____/

## OPINION REGARDING EQUITABLE TOLLING

Pursuant to the Court's May 10, 2017, Order to Show Cause, Movant, Vernell Williams, has filed a response stating why he believes he is entitled to equitable tolling. As noted in the May 10, 2017, Order, Williams's § 2255 Motion is untimely by more than five years.

The Sixth Circuit has held that the doctrine of equitable tolling is applicable to § 2255 motions. *See Dunlap v. United States*, 250 F.3d 1001, 1004–05 (6th Cir. 2001) (holding that § 2255(f) is not jurisdictional in nature and that equitable tolling is available). Pursuant to the doctrine of equitable tolling, a court may excuse late-filed habeas claims in appropriate circumstances. *McCray v. Vasbinder*, 499 F.3d 568, 571 (6th Cir. 2007) (citing *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005)). Equitable tolling is "available only in compelling circumstances which justify a departure from established procedures." *Puckett v. Tenn. Eastman Co.*, 889 F.2d 1481, 1488 (6th Cir. 1989). The doctrine is "used sparingly by federal courts. 'Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control.'" *Jurado v. Burt*, 337 F.2d 638, 642 (6th Cir. 2003)

(quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560–61 (6th Cir. 2000)) (citations omitted). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814 (2005)).

In determining whether to apply equitable tolling, a court should consider the following factors: "(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim." *Solomon v. United States*, 467 F.3d 928, 923 (6th Cir. 2006) (citing *Dunlap*, 250 F.3d at 1008, adopting factors set forth in *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988)). These factors are not necessarily comprehensive, nor is each factor relevant in every case. *Id.*

Williams argues that he is entitled to equitable tolling because: (1) he only recently became aware of the facts and legal arguments set forth in his § 2255 Motion; (2) he is untrained in the law and has been unable to obtain legal assistance in preparing his § 2255 Motion; (3) the facility at which he is incarcerated does not have properly working typewriters, computers, or a copier, that would enable him to access legal materials for his argument; (4) he was afforded limited hours in the law library; and (5) his previous attempt to form his arguments for his § 2255 with the assistance of a legal writer resulted in countless hours of work being discarded when Williams learned that the legal writer "was not as versed in the law as he had led [Williams] to believe he was." (ECF No. 11 at PageID.60–61.)

The reasons Williams offers for equitable tolling fail to support the application of the doctrine. The fact that a movant is untrained in the law, denied access to a law library, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004); *Brown v. United States*, No. 01-1481, 2001 WL 1136000, at *3 (6th Cir. Sept. 21, 2001) (citing *United States v. Baker*, 197 F.3d 211, 218–19 (6th Cir. 1999)); *Fisher v. Johnson*, 174 F.3d 710, 714–15 (5th Cir. 1999). As one district court in the Sixth Circuit has noted, "[c]ourts in this circuit have consistently found that extraordinary circumstances, justifying equitable tolling, do not exist simply because a petitioner: (1) is untrained or ignorant of the law; (2) reads and writes poorly; (3) does not have access to or cannot afford professional legal assistance; or (3) [sic] received bad legal assistance." *Boylen v. Hudson*, No. 5:07CV1697, 2008 WL 3822291, at *7 (N.D. Ohio May 15, 2008) (citations omitted).

In addition, Williams has failed to show that some extraordinary circumstance precluded him from filing a timely § 2255 Motion. The frivolous lawsuit Williams filed in this district and his numerous filings in his criminal case since November 17, 2011—the date his conviction became final—demonstrate that nothing hindered Williams's ability to file a timely § 2255 Motion. *See Williams v. Shekmer*, No. 1:15-CV-490 (W.D. Mich.); *United States v. Williams*, No. 1:07-CR-249 (W.D. Mich.) (ECF Nos. 204, 205, 207, 212). Thus, Williams is not entitled to equitable tolling.

Having concluded that Williams is not entitled to equitable tolling, the Court must next determine whether a certificate of appealability should issue under 28 U.S.C. § 2253(c)(2). A certificate should issue if a movant has demonstrated a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of certificates of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather,

the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The Court concludes that reasonable jurists could not find this Court's conclusion that Williams is not entitled to equitable tolling debatable or wrong. The Court will thus deny Williams a certificate of appealability.

An Order consistent with this Opinion will enter.


Dated: June 26, 2017  /s/ Gordon J. Quist
　　　　　　　　　　　　　　　　　　　　　　GORDON J. QUIST
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE